1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN ALAN KELLEY,                    No.  2:16-cv-1088 GGH HC

12                  Petitioner,

13        v.                             ORDER

14   ROSEMARY NDOH,

15                  Respondent.

16                              INTRODUCTION

17

18        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus

19   pursuant to 28 U.S.C § 2254, together with a request to proceed in forma pauperis pursuant to 28

20   U.S.C. § 1915.  Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff

21   is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed

22   in forma pauperis will be granted.  28 U.S.C. § 1915(a).

23        By virtue of reading the petition itself, the undersigned finds, however, that petition has

24   failed to exhaust his state court remedies in regard to all claims.  The claims to be reviewed in

25   federal habeas must be presented to the California Supreme Court either by way of petitioning for

26   direct review after an appeal has been denied in the California Court of Appeal, or by way of a

27   habeas corpus petition presented to the state supreme court.  Petitioner avers that he has not made

28   such a presentation, terminating all efforts with the California Court of Appeal.

                                      1

1    The exhaustion of state court remedies is a prerequisite to the granting of a petition for a

2    writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

3    explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  Thus, a waiver of exhaustion may

4    not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

5    highest state court with a full and fair opportunity to consider all claims before presenting them to

6    the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

7    1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

8    A petition which includes only unexhausted claims may be dismissed on that basis.

9    However, on February 17, 2016, the Court of Appeals for the Ninth Circuit issued an opinion

10   which may affect this case.  Mena v. Long, 813 F.3d 908 (9th Cir. 2016) (holding that Rhines stay

11   and abeyance procedure applies to completely unexhausted petitions as well as mixed petitions).

12   Therefore the petitioner will be provided the opportunity to move for a stay under Mena and

13   Rhines.

14                                                DISCUSSION

15   The February 16, 2016 Ninth Circuit opinion in Mena significantly changes the manner in

16   which wholly unexhausted federal habeas petitions are handled.  The court held "that a district

17   court has the discretion to stay and hold in abeyance fully unexhausted petitions under the

18   circumstances set forth in Rhines.  Mena, supra, 813 F.3d at 908.  A district court may also

19   properly stay a habeas petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269

20   (2005.  See King v. Ryan, 564 F.3d 1133, 1135 9th Cir. 2009).

21   Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an

22   unexhausted claim to the state courts.  Rhines, 544 U.S. at 277.  Such a stay "eliminates entirely

23   any limitations issue with regard to the originally unexhausted claims, as the claims remain

24   pending in federal court[.]"  King, 564 F.3d at 1140.  However, to qualify for a stay under Rhines,

25   a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this

26   action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3)

27   describe the status of any pending state court proceedings on his unexhausted claim; and (4)

28   explain how she has diligently pursued his unexhausted claim.  Rhines, 544 U.S. at 277–78.

                                                       2

What constitutes good cause has not been precisely defined except to indicate at the outer end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, 544 U.S. at 277-78, and that "extraordinary circumstances" need not be found.  Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005); see also Rhines, 544 U.S. at 279 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner") (internal citation omitted); id. (Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations).  "But as the Jackson court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.'  We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court."  Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008) (quoting Jackson, 425 F.3d at 661) (internal citations omitted).

Recently, the Ninth Circuit stated that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," will demonstrate good cause under Rhines.  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).  In Blake, the Ninth Circuit held that ineffective assistance of counsel by post-conviction counsel can be good cause for a Rhines stay, however, bare allegations of state post-conviction IAC do not suffice.  Id. at 983.  The Blake court concluded that petitioner satisfied the good cause standard where he argued that his post-conviction counsel "failed to conduct any independent investigation or retain experts in order to discover the facts underlying his trial-counsel IAC claim; namely, evidence that Blake was" subject to severe abuse as a child and suffered from brain damage and psychological disorders.  745 F.3d at 982 (internal quotes omitted).  The petitioner supported this argument with extensive evidence, including psychological evaluation reports, a declaration by the private investigator who worked briefly for his post-conviction attorney, and thirteen declarations from petitioner's family and friends describing his "abhorrent" childhood conditions.  Id. at 982-83.  The Blake court concluded that the petitioner had met the Coleman/Martinez standard to show good cause under Rhines."  Id. at 983-84 & n.7.

Based on the decision in <u>Rhines</u>, petitioner will be required to file a motion for stay and abeyance in which he sets forth good cause for his failure to exhaust prior to filing the petition in this case, that his unexhausted claims are potentially meritorious, and that he has not been dilatory in proceeding on his claims.

Good cause appearing, IT IS HEREBY ORDERED that:

1.   Petitioner is granted leave to proceed in forma pauperis;

2.   Within **twenty-eight (28)** days of this order petitioner shall: (a) file and serve a motion for stay and abeyance; and (b) include a statement indicating whether he wishes to proceed with the original petition or the amended petition; failure to comply with this order will result in a recommendation that this action be dismissed as unexhausted;

3.   Respondent shall file a response to petitioner's motion within **fourteen (14)** days thereafter;

4.   The Clerk of the Court is directed to serve a copy of this order and the form Consent to Proceed Before a United States Magistrate Judge on Michael Patrick Farrell, Senior Assistant Attorney General.

Dated: June 16, 2016

<u>/s/ Gregory G. Hollows</u>

UNITED STATES MAGISTRATE JUDGE

Ndoh.1088.amm