UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALAN KELLEY,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JOE A. LIZARRAGA,<br><br>　　　　　Respondent. | No. 2:16-cv-01088 TLN GGH<br><br><br>FINDINGS AND RECOMMENDATIONS |

*Introduction & Procedural Background*

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

    Petitioner challenges a judgement and conviction entered against him on July 2, 2014 in the Placer County Superior Court for a prison sentence of 6 years. ECF No. 17-1 at 75 (Abstract of Judgment). Petitioner pleaded nolo contendere to possession of child pornography and received two one-year enhancements for serving time in prison for a prior felony. Id.; see also ECF No. 17-1 at 73. Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District Court and the judgment was affirmed on May 28, 2015. ECF Nos. 17-3 (Opening Brief), 17-5 (Opinion). Petitioner did not seek review in the California Supreme Court.

    Thereafter, petitioner filed four state habeas petitions. The first petition was filed in

Placer County Superior Court on April 23, 2015, and denied on July 23, 2015. ECF Nos. 17-6 at 1-5 (Opinion), 6-53 (Petition). The second petition was filed in the California Court of Appeal, Third Appellate District Court on September 17, 2015, and denied on October 1, 2015. ECF Nos. 17-7 at 1 (Opinion), 2-141 (Petition). The third petition was filed in the California Supreme Court on October 21, 2015, and denied on November 24, 2105. ECF Nos. 17-8 at 1 (Opinion), 3-21 (Petition). The fourth petition was again filed in the California Supreme Court on February 18, 2016, and denied on April 27, 2016. ECF Nos. 17-9 at 1 (Case Docket), 2-32 (Petition).

This instant federal habeas action was filed on May 20, 2016.[1] On August 16, 2016, the undersigned issued an order requiring petitioner to file and serve a motion for stay and abeyance and include a statement indicating whether he wishes to proceed with the original petition or the amended petition for failure to exhaust all of his claims. See ECF No. 6. On June 29, 2016, petitioner filed a motion to amend his petition, including exhibits claiming he had exhausted all state remedies. ECF No. 8. On August 16, 2016, the undersigned issued an order directing respondent to file a response to the petition. ECF No. 12. Subsequently, respondent filed an answer, ECF No. 18, and petitioner a traverse, ECF No. 20.

***Exhaustion***

Respondent asserts that all of petitioner's claims are unexhausted and even if unexhausted can be denied on the merits pursuant to 28 U.S.C. § 2254(b)(2). ECF No. 18 at 2 ¶3.

1. The Exhaustion Requirement

28 U.S.C. § 2254(b)(1) requires a state prisoner to exhaust all available state remedies prior to presenting his federal claims to the federal habeas court. This exhaustion requirement serves two fundamental purposes: (1) it "preserves the role of state courts in the application and enforcement of federal law" by avoiding to "isolate [state] courts from constitutional issues, and thereby remov[ing] their understanding of and hospitality to federally protected interest;" and (2)

---

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and federal court. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period). In any event, the mailbox rule is inconsequential in this case.

2

it "preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490 (1973) (internal quotation marks omitted). A petitioner satisfies the exhaustion requirement by fairly presenting his claims to the highest state court before presenting them to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). "[A] a federal claim is fairly presented if the petitioner has described the operative facts and legal theory upon which his claim is based." Duncan v. Henry, 513 U.S. 364, 370 n. 1 (1995) (citation and internal quotation marks omitted). Moreover, it does not matter whether the state appellate court addressed or even considered petitioner's federal constitutional claims, as long as the petitioner presented the claims in his briefing and thereby provided a fair opportunity for it to do so. Smith v. Digmon, 434 U.S. 332, 333-34 (1978) (per curiam).

2. Analysis

Petitioner challenges his conviction for possession of child pornography due to false evidence, ineffective assistance of counsel and cruel and unusual punishment. ECF No. 1 at 4-8. In his first claim, petitioner argues the photographs used to convict him were downloaded from legitimate photographer's websites and "are not pornographic in nature" as they are legally published and available for purchase on the internet. ECF No. 1 at 4-5. Secondly, petitioner argues his trial counsel was ineffective for failing to provide mitigating or exculpatory evidence or witnesses to prove the legal possession and accessibility of the photographs. ECF No. 1 at 4, 6. Lastly, petitioner argues his six-year sentence amounts to cruel and unusual punishment in view of the fact that the photographs are protected by the first amendment and therefore the possession of the photographs only amounts to a one-year parole violation. ECF No. 1 at 7-8, 41.

Petitioner argues his petitions for writ of habeas corpus with the California Supreme Court meet the exhaustion requirement. ECF No. 8 at 1. Upon review of the petitions filed with the California Supreme Court, the undersigned finds that petitioner's claims for false evidence and ineffective assistance of counsel were fairly presented to the California Supreme Court. See ECF No. 17-9 at 2-32. However, petitioner's third claim for cruel and unusual punishment was not presented to the state's highest court. Id. Although federal courts may not adjudicate petitions

for habeas corpus containing both exhausted and unexhausted claims, a federal court may adjudicate unexhausted claims when they are plainly meritless. See 28 U.S.C. § 2254(b)(2).[2] Accordingly, despite this lack of exhaustion the undersigned will address petitioner's application for habeas relief on the merits.

*AEDPA Standards*

The statutory limitations of a federal courts' power to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The text of § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.

As a preliminary matter, the Supreme Court has recently held and reconfirmed "that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington v. Richter, 562 U.S. 86, 98 (2011). Rather, "when a federal claim has been presented to a state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. at 99 (citing Harris v. Reed, 489 U.S. 255, 265 (1989)) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis).

---

[2] Requiring state court exhaustion on petitioner's third claim does not serve the underlying purpose of comity. See Rose v. Lundy, 455 U.S. 509, 525 (1982) (Blackman, J., concurring) ("Remitting a habeas petitioner to state court to exhaust a patently frivolous claim before the federal court may consider a serious, exhausted ground for relief hardly demonstrates respect for the state courts. The state judiciary's time and resources are then spent rejecting the obviously meritless unexhausted claim, which doubtless will receive little or no attention in the subsequent federal proceeding that focuses on the substantial exhausted claim."); see also Clark v. Ricketts, 958 F.2d 851, 857 (9th Cir. 1991). Here, a stay to allow petitioner to exhaust this claim would not be in the interest of comity and judicial efficiency.

4

"The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id.

The Supreme Court has set forth the operative standard for federal habeas review of state court decisions under AEDPA as follows: "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Harrington, supra, at 101, citing Williams v. Taylor, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. at 101, citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). Accordingly, "a habeas court must determine what arguments or theories supported or…could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 102. "Evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Id. Emphasizing the stringency of this standard, which "stops short of imposing a complete bar of federal court relitigation of claims already rejected in state court proceedings[,]" the Supreme Court has cautioned that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id., citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

The undersigned also finds that the same deference is paid to the factual determinations of state courts. Under § 2254(d)(2), factual findings of the state courts are presumed to be correct subject only to a review of the record which demonstrates that the factual finding(s) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." It makes no sense to interpret "unreasonable" in §2254(d)(2) in a manner different from that same word as it appears in § 2254(d)(1) – i.e., the factual error must be so apparent that "fairminded jurists" examining the same record could not abide by the state court's factual determination. A petitioner must show clearly and convincingly that the factual determination is unreasonable. See Rice v. Collins, 546 U.S. 333, 338 (2006).

The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19 (2002). Specifically, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, supra, at 102. "Clearly established" law is law that has been "squarely addressed" by the United States Supreme Court. Wright v. Van Patten, 552 U.S. 120, 125 (2008). Thus, extrapolations of settled law to unique situations will not qualify as clearly established. See, e.g., Carey v.Musladin, 549 U.S. 70, 76 (2006) (established law not permitting state sponsored practices to inject bias into a criminal proceeding by compelling a defendant to wear prison clothing or by unnecessary showing of uniformed guards does not qualify as clearly established law when spectators' conduct is the alleged cause of bias injection). The established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. 3, 9 (2002).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision. Id. at 8. Where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record regarding that issue. Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

Finally, if the state courts have not adjudicated the merits of the federal issue, no AEDPA deference is given; instead the issue is reviewed de novo under general principles of federal law. Stanley v. Cullen, 633 F.3d 852, 860 (9th Cir. 2012). However, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 293 (2013).

*Factual Background*

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following:

> On February 23, 2014, defendant was discovered printing photographs of mostly underage females at a self-service photo booth in a Target store in Auburn. Defendant had printed 51 photographs. The subjects in the pictures ranged from about eight years old to an adult woman. They were naked in some of the photographs. In only a small number of the photographs was it not clear that the subjects were minors; many of them were of prepubescent girls displayed in a very sexually suggestive manner.
>
> Defendant was on parole and a registered sex offender. After being given his Miranda[3] warnings, defendant said he downloaded the images onto a thumb drive from a computer at the Auburn public library. He admitted printing the photographs and knowing it was wrong to possess them.
>
> Defendant was charged with possession of child pornography after having suffered a prior conviction for a sex offense (Pen.Code, § 311.11, subd. (b))[4] with allegations of two strikes (§ 1170.12, subds. (a)-(d)) and three prior prison terms (§ 667.5, subd. (b)). Defendant pleaded no contest to the charged offense and admitted one strike and two prior prison terms; the remaining allegations were dismissed under the plea agreement. The trial court imposed a stipulated term of six years in state prison, ordered various fines and fees, and awarded 260 days of presentence credit (130 actual and 130 conduct).

People v. Kelley, No. C077107, 2016 WL 3407105, at *1 (Cal. Ct. App. May 28, 2015).

*Discussion*

    1. <u>Claim One: False Evidence</u>

Petitioner argues his conviction was premised on false evidence. Petitioner asserts the "48 photographs of nude, underage, and over-18 females" that were used to convict him were not "pornographic in nature" in view of the fact that they were legally accessible and published online and in bookstores. ECF No. 1 at 4-5. Petitioner does not dispute his possession of these photographs. However, this claim was forfeited by petitioner's plea.

    "A guilty plea represents a break in the chain of events which has preceded it in the

---

[3] [Fn. 1 in original excerpted text] Miranda v. Arizona (1966) 384 U.S. 436 [16 L.Ed.2d 694].
[4] [Fn. 2 in original excerpted text] Undesignated statutory references are to the Penal Code.

7

criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollet v. Henderson, 411 U.S. 258, 267 (1973). In California, "a plea of nolo contendere has the same effect as a plea of guilty." O'Guinn v. Newland, 165 F.3d 917 (9th Cir. 1988) (citing to Cal. Penal. Code § 1016). "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack." United States v. Broce, 488 U.S. 563, 569 (1989).

Here, petitioner does not attack the voluntariness of the plea or assert that it was induced by ineffective assistance of counsel. Moreover, the record reflects the plea was voluntary. See ECF No. 17-1 at 5-16 (reporter's transcript). Instead, petitioner's claim is wholly based on the validity of the photographs being classified as child pornography which challenges the factual basis of petitioner's conviction. This challenge was prior to the entry of petitioner's plea bargain. The petition, in fact, is devoid of allegations attacking the plea itself. Accordingly, pursuant to Supreme Court precedent, petitioner's first claim is foreclosed from review. See Tollet, 411 U.S. at 267; Broce, 488 U.S. at 569.

Petitioner attempts to change the nature of this claim in the traverse to one of "actual innocence." However, even if the court were inclined to allow petitioner to make the claims in his petition a moving target, the fact remains that no free standing actual innocence claim has been recognized by the Supreme Court in a non-capital context. Jones v. Taylor, 763 1242, 1246 (9th Cir. 2014). Therefore, under AEDPA, petitioner's actual innocence is not a viable claim.

Even if such a claim was available, petitioner could not meet the extraordinarily high standard for such a claim—no reasonable factfinder could find guilt beyond a reasonable doubt. Jones at 1247 (borrowing the standard used for statute of limitations issues assuming such a claim

8

could exist). Petitioner protests his innocence because he found the pornography on the internet. That is the problem—there is way too much child pornography on the internet. However, petitioner cites no authority that child pornography is non-actionable as long as it is found on the internet; no such defense of "I found it on the internet," exists.

More colorable is petitioner's claim that at least some of the pornography for which he was convicted is actually the "art" work of persons, such as David Hamilton published in books and magazines.

> Much of Hamilton's work depicted early-teen girls, often nude, and he was the subject of some controversy similar to that which the work of Sally Mann and Jock Sturges have attracted….
> As Chris Warmoll, writing for *The Guardian* in 2005 commented, 'Hamilton's photographs have long been at the forefront of the 'is it art or pornography' debate. [13]
> [footnote 13—Warmoll, Chris (14 July 2005). 'Hamilton's naked girls shots ruled 'indecent.' Culture, *The Guardian*, London. Retrieved 15 Feb. 2005]

Wickipedia, retrieved 5/25/2018, search word: "David Hamilton."

One could presume that there comes a point at which nude "art" is so widely published that it leaves the genre of pornography and is non-actionable art. But, as seen above, reasonable fact finders could still find the Hamilton work and others listed by petitioner as remaining in the pornography context. Even petitioner agrees: "Petitioner most certainly should not have allowed himself to explore instant material." Traverse at p.22. Finally, petitioner does not allege that all of the material for which he was convicted came from the portfolios of so-called artists.

For all of the above reasons, Claim 1 should be denied.

Claim Two: Ineffective Assistance of Counsel

Petitioner asserts he "was deprived of his right to effective assistance of counsel" based on trial counsel's failure in providing mitigating and exculpatory evidence and witnesses during the preliminary hearing. ECF No. 1 at 4, 6, 32. Again, the crux of petitioner's second claim is based on pre-plea constitutional deprivations that are foreclosed from consideration. Petitioner does not argue neither that the basis for his claim relates to the voluntariness of his plea nor that counsel was deficient when he advised petitioner of the plea rather, petitioner argues that but for trial

counsel's performance in presenting certain evidence and witnesses during the preliminary hearing he "would have received a parole violation time of one year, rather than a 6-year prison sentence for possessing legally accessible photographic material." Id. at 32. Accordingly, petitioner's claim is meritless.

### 2. Claim Three: Cruel and Unusual Punishment

This claim is unexhausted, however as explained above, the undersigned will address the merits of this claim.

Petitioner contends his six-year sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment. ECF No. 1 at 41. Petitioner argues, instead, his sentence should have been a one-year parole violation since he "possessed simple, straightforward nude, and partially nude (above-waist only) photographs of under- , and over-18 females" that are publically sold and publically accessible. Id. at 7-8, 41. Petitioner does not contest that he possessed the photographs, rather he admits he possessed the photographs and disputes the nature of the photographs that should entitle him to a lesser sentence. However it is clear from the record that this claim is foreclosed under Tollet. While entering a plea, petitioner was asked the following:

> THE COURT: You are John Alan Kelley?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Mr. Kelley, I am going to restate the terms of this resolution to make sure you understand, also that I understand; okay?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: My understanding is that you would be pleading to Count One, possession of child pornography, a felony; that you would admit a prior strike from 1991 out of Santa Cruz County; that you would admit that you have suffered two prior prison terms, and that you would be sentenced to a total of six years in state prison. Is that your understanding?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Are you prepared to accept that resolution today?
>
> THE DEFENDANT: Yes, your Honor.

10

>THE COURT: Have you had enough time to talk with your attorney?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Do you have any questions?
>
>THE DEFENDANT: No, sir.
>
>THE COURT: So I have been handed this plea form that I am holding up and I am showing you. Your name is written at the top of the form. Is that your signature on the bottom of that form?
>
>THE DEFENDANT: Yes, your Honor.
>
>[…]

ECF No. 17-2 at 5-6.

Moreover, the record from the plea hearing shows that petitioner expressly affirmed that his plea was voluntary. ECF No. 17-2 at 7. Counsel also affirmed the voluntariness of petitioner's plea. Id. at 7-8. Accordingly, petitioner's claim relating to the deprivation of constitutional rights that occurred prior to the entry of the [] plea," such as violation of the Eight Amendment are foreclosed under Tollet. See United States v. Rodriguez, 39 Fed. App'x 526, 528 (9th Cir. 2002) ("Even if we assume the Eighth Amendment can be used to render a conviction unconstitutional, we cannot consider this contention because Rodriguez's guilty plea waived his right to appeal antecedent constitutional violations.") (citing Tollet, 411 U.S. at 267-68).

*Conclusion*

The petition should be denied for the reasons set forth above.

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus should be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 25, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE